IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
APR - 9 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

SOUTHERN BANK & TRUST CO.

   Plaintiff,

v.               Civil Action No. 2:13cv591

SEPTEMBER SONG, LLC

and

ROBERT E. UPTON, JR.

   *in personam*,

and

M/Y SEPTEMBER SONG, her engines, tackle, and appurtenances, etc.

   *in rem*,

   Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Southern Bank & Trust's ("Plaintiff" or "Southern") Second Motion for Service by Publication and for an Extension of Time to Serve Defendant Robert E. Upton, Jr. ("Motion"). Doc. 25. For the reasons stated herein, the Court **GRANTS** the Motion.

  I.   **Factual Background and Procedural Posture**

On October 31, 2013, Plaintiff filed a Complaint seeking an arrest of the M/Y SEPTEMBER SONG, an in rem judgment against the M/Y SEPTEMBER SONG, and an in

1

personam judgment against Defendants September Song, LLC ("September Song") and Robert E. Upton, Jr. ("Upton"). Doc. 1. According to the Complaint, Plaintiff has a Mortgage and Note on the M/Y SEPTEMBER SONG, and the Defendants have failed to make payments under the Mortgage and Note. Id. This Court arrested the vessel on October 31, 2013. Doc. 3. September Song has been served, but Upton has not. Doc. 11.

Prior to filing the Complaint, counsel for the Plaintiff contacted Upton to work out a potential resolution of the matter without resorting to litigation. Doc. 25-1 ¶ 4. The Plaintiff had an address of record of 123 College Place, Unit 810, Norfolk, VA 23510. Id. ¶ 3. After filing the Complaint, a process server attempted to serve Upton at this address on November 5, 2013, but found that the property was vacant and that management did not have a forwarding address for Upton. Id. ¶ 7; Doc. 25-2 ¶¶ 4–5. On November 7, and two times thereafter, the process server attempted to serve Upton at a place of employment, but the attempts were unsuccessful. Doc. 25-1 ¶ 8; Doc. 25-2 ¶ 6. The process server was then contacted by an agent from the Virginia Department of Motor Vehicles ("DMV") who had also been in unsuccessful in locating Upton. Doc. 25-2 ¶ 7. The process server then attempted to personally serve Upton at a business in Virginia Beach, but Upton successfully avoided her. Id. ¶ 8.

The first Motion for Service by Publication was filed on December 16, 2013. Doc. 21. In an order dated March 4, 2014, this Court denied the first Motion without prejudice because the Plaintiff did not provide the Court enough information to determine if "due diligence" had been used in accordance with Virginia's service by publication law. Doc. 23.

After receiving the Court's Order, Plaintiff took additional steps to locate Upton. A private investigator hired by Plaintiff's counsel used public records databases and Google searches to attempt to locate Upton. Doc. 25-3 ¶ 4. Despite his best efforts, these further

2

attempts were unsuccessful. Id. ¶ 5. Plaintiff filed the instant Motion on March 31, 2014, and Plaintiff asks that an order of publication be entered and forwarded to Inside Business. The Motion is now ripe for review.

## II.     Legal Standard

Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If the complaint is not served within this time period, it must be dismissed unless the plaintiff can show good cause. Id.; see also Mendez v. Elliot, 45 F.3d 75, 78–79 (4th Cir. 1995). Federal Rule of Civil Procedure 6(b) further states that time can be extended after the expiration of time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Both rules require a finding of good cause. Mendez, 45 F.3d at 79.

Federal Rule of Civil Procedure 4(e) states service may be had by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Service by publication is a disfavored measure and should only be used as a means of last resort. 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civ. § 1115 (3d ed. 2013).

Virginia Code §§ 8.01-316 and 317 are the relevant state laws. The moving party must state in an affidavit "[t]hat diligence has been used without effect to ascertain the location of the party to be served." Va. Code Ann. § 8.01-316(A)(1)(B). Such affidavit must also "state the last known post office address of the party against whom publication is asked...." Id. § 8.01-316(A)(3). Plaintiff has submitted three affidavits containing the factual information recited above. Docs. 25-1; 25-2; 25-3.

3

Va. Code. Ann. § 8.01-317 sets out the requirements for an order of publication. The order must "give the abbreviated style of the suit, state briefly its object, and require the defendants ... against whom it is entered to appear and protect their interests on or before the date stated in the order which shall be no sooner than fifty days after entry of the order of publication." Va. Code Ann. § 8.01-317. The order must be published once per week for four consecutive weeks, should be posted at the front door of the courthouse, and a copy of the order mailed to the last known post office address of the defendant. Id. The order must be sent to the newspaper within twenty days after the entry of the order. Id. After publication, "the clerk shall file a certificate in the papers of the case that the requirements of this section have been complied with." Id.

### III. Analysis

#### a. Extension of Time

Because Plaintiff's 120-day period to serve the Complaint has expired, the Court must find good cause to extend time. Good cause exists to extend the time when the plaintiff shows "reasonable and diligent efforts to effect service." Reliable Tax & Financial Services, Inc. v. H & R Block Eastern Tax Services, Inc., 212 F. Supp. 2d 592, 595 (E.D. Va. 2002) (citing T & S Rentals v. United States, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)).

The facts of this case show good cause. Plaintiff began making efforts to serve within days of filing the Complaint. Doc. 25-1 ¶ 7. The first Motion for Publication was filed forty-six (46) days after filing the Complaint. Doc. 26 at 6. The 120-day time period expired while the first Motion for Publication was under advisement. Doc. 26 at 5. Plaintiff also argued to the Court that its bare-bones affidavit that this Court found insufficient would have been accepted in

4

state court, and thus was a reasonable affidavit.[1] Id. The Plaintiff filed the instant Motion less than a month after the Court entered its previous Order. Thus, the Court **FINDS** good cause and **GRANTS** the Motion to extend the time of service.

### b. Service by Publication

The Court is satisfied that the affidavits submitted in support of the present Motion have corrected the defects in the first Motion.

In construing the Virginia publication statute, Virginia courts have determined that diligence "requires 'devoted and painstaking application to accomplish an undertaking.'" Khanna v. Khanna, 18 Va. App. 356, 358, 443 S.E.2d 924, 926 (1994) (quoting Dennis v. Jones, 240 Va. 12, 18, 393 S.E.2d 390, 393 (1990)). Furthermore, courts require that "[t]he grounds stated in the affidavit must in fact be true and not merely idle declarations having no factual basis." Khanna, 18 Va. App. At 358, 443 S.E.2d at 926.

In Jones, the plaintiff's affidavit stated the following:

> (1) that the above named defendant, Ellen Dennis is not a resident of the State of Virginia; (2) that the plaintiff does not know and is unable with due diligence to ascertain any post office address of the nonresident defendant; (3) that the last known address of the defendant was 210 North Stafford Avenue, Apartment # 1, Richmond, Virginia 23220; and (4) that a return has been filed by the sheriff that the process has been in his hands for twenty-one (21) days and that he has been unable to make service.

Dennis, 240 Va. at 16, 393 S.E.2d at 392. The Virginia Supreme Court found that the plaintiff's "'informal contacts' with unnamed friends at two governmental agencies, made only prior to the sheriff's effort to serve process, do not demonstrate 'devoted and painstaking efforts' to locate defendant...." Id. at 290, 393 S.E.2d at 393-34. Likewise, in Khanna, the Virginia Court of

---

[1] The Court does not accept nor reject Plaintiff's contention that the affidavit would have been accepted in state court. Its earlier ruling was based on published decisions of Virginia courts and other federal courts interpreting similar state statutes. Whether the state trial courts diligently follow the published decisions of Virginia appellate courts is not a matter for this Court to consider.

Appeals found an order of publication improper on a similar affidavit when the plaintiff in that action interacted with the defendant at various criminal proceedings pending in the Juvenile and Domestic Relations Court. Khanna, 18 Va. App. at 359, 443 S.E.2d at 925.

In this case, the Plaintiff has taken numerous steps sufficient under Virginia law to merit service by publication. The Plaintiff attempted to serve Upton at his place of residence, place of employment, and at a local business. Agents for the DMV have been unable to locate Upton. After the Court's previous Order, the Plaintiff again took unsuccessful steps to serve Upton. It appears that Upton is doing everything he can to avoid service, and thus the Court **GRANTS** the Motion.

### IV. Conclusion

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion, Doc. 25. The Plaintiff is **ORDERED** to send the following Order of Publication to Inside Business in compliance with Va. Code § 8.01-317. The Clerk is **DIRECTED** to post a copy of the following Order of Publication at the front door of the courthouse. The Plaintiff is **ORDERED** to mail a copy of the Order of Publication to the last known post office address of Upton listed in its affidavit. Defendant Upton is **ORDERED** to appear before this Court to protect his interests by May 28, 2014.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
*HENRY COKE MORGAN, JR.*
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: April 8th, 2014